**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MIN SIK KANG | ) | Case No. 10-18839-BFK |
| MAN SUN KANG, | ) | Chapter 11 |
|     Debtors. | ) | |
| _____ | ) | |
| | ) | |
| RAYMOND A. YANCEY, | ) | Adversary Proceeding |
| | ) | No. 16-01005-BFK |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MIN SIK KANG, *et al.*, | ) | |
| | ) | |
|     Defendant. | ) | |

**JUDGMENT ORDER**

This matter is before the Court on the Non-Debtor Defendants' Motion to Stay Enforcement of the Order Awarding Attorney's Fees and Costs Pending Appeal and the Debtor Defendants' Joinder in that Motion. Docket Nos. 265, 278. The Plaintiff has filed an Opposition to the Motion. Docket No. 235. A Proposed Consent Order was filed which provided, among other matters, for the Non-Debtor Defendants' Motion to Stay to be continued so that Defendants could file a Motion to determine the finality of the Order Awarding Fees and Costs. The Court will enter a Final Judgment.

**Procedural History**

On June 6, 2017, Judge Kindred entered an Order on Plaintiff's Discovery Motions Doc. Nos. 84, 86, 88, 90, 94 and Scheduling Discovery Conference. Docket No. 153. The Order, along with other matters, granted an award of attorney's fees and costs against Debtor Defendants, and

1

against Steve Kim and Sue Kim (two of the Non-Debtor Defendants). *Id.*, pp. 3-4, 7, 9. On June 20, 2017, the Non-Debtor Defendants Filed a Motion for Reconsideration of Judge Kindred's June 6th Order. Docket No. 180. On July 24, 2017, this Court entered an Order Denying the Motion for Reconsideration. Docket No. 242.

The sanctions were liquidated by the Court on August 10, 2017 in its Order Awarding Attorney's Fees and Costs. Docket No. 258. The Order awarded a total of $134,256.08 in fees against Non Debtor-Defendants Steve Kim and Sue Kim, jointly and severally, and awarded a total of $21,536.12 in fees against the Debtor Defendants Min Sik Kang and Man Sun Kang, jointly and severally. The Court ordered that these amounts be paid within 14 days of the entry of the Order.

The Non-Debtor Defendants filed their Emergency Motion to Stay on August 16th. Docket No. 265. As noted above, the Debtor Defendants filed a joinder on August 18th. Docket 278. The Plaintiff filed its Objection on August 21st. Docket 289. The parties then filed a Proposed Consent Order on August 21st. Docket No. 289.

## Legal Conclusion

Bankruptcy Rule 7054(a) incorporates Rule 54(b) of the Federal Rules of Civil Procedure, which in relevant part provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b) (incorporated by Fed. R. Bankr. P. 7054(a)). In determining whether to effectuate a Rule 54(b) certification, two steps are involved. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). First, the court must determine that the judgment is "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims

2

action." *Id.* at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, the court must determine whether there is no just reason for the delay in the entry of the judgment. *Id.* at 8. In making the determination, courts have considered the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.2d 1331, 1335-36 (4th Cir. 1993) (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.,* 521 F.2d 360, 364 (3rd Cir. 1975)).

The Court hereby makes the Rule 54(b) certification. The determination of the award of attorneys' fees and costs to the Plaintiff against the Non-Debtor-Defendants and Debtor Defendants is a final resolution of the sanctions. Nothing remains to be adjudicated on the matter.

Further, a review of the factors leads to the conclusion that there is no just reason for delay of final judgment. There is little to no relationship between the sanctions and the remaining claims. There are no claims or counterclaims that could result in a set-off against the judgment. Thus, further proceedings in this Court will not moot the determination made in regards to the sanctions, nor would a reviewing court be obliged to consider the sanctions a second time. Additionally, ordering a final judgment would reduce the expenses of litigation and provide a simpler and more direct path to: (a) the Defendants' desire to move for a stay pending appeal; and (b) the Plaintiff's desire to collect on the sanctions.

**Conclusion**

It is therefore **ORDERED**:

1. The Court hereby enters a judgment against Steve Kim and Sue Kim, jointly and severally, in the amount of $134,256.08, and a judgment against Min Sik Kang and Man Sun Kang, jointly and severally, in the amount of $21,536.12. Interest shall run on the foregoing amounts at the federal judgment rate (28 U.S.C. § 1961) from the entry of this Order until paid.

2. The Defendants are advised that an appeal from this Court's Judgment lies with the United States District Court for the Eastern District of Virginia. The Defendants are further notified that Bankruptcy Rule 8002(a), in pertinent part, provides that "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).

3. The Court certifies under Federal Rules of Civil Procedure 54(b) that there is no just reason for delaying the entry of the above judgment, and the judgment is deemed to be a Final Judgment.

4. The Clerk will mail copies of this Order, or given electronic notice of its entry, to the parties listed below.

Date: Aug 24 2017 _____

Alexandria, Virginia

/s/ Brian F. Kenney
_____
Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: Aug 24 2017

Copies to:

Jeffrey L. Tarkenton, Esquire
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
*Counsel for the Plaintiff Raymond Yancey*

James A. Vidmar, Esquire
10211 Wincopin Circle, Suite 500
Columbia, MD 21044
*Counsel for Defendants Min Sik Kang and Man Sun Kang ("The Debtors")*

Barry Coburn, Esquire
1710 Rhode Island Avenue, N.W.
Second Floor
Washington, DC 20036
*Counsel for Bop Sik Kang, Young Nam Kang, Sue Kang Kim, Steve Kim ("The Non-Debtor Defendants")*